

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

*See H-220*

December 30, 1958

*Overruled By*
*M-68 which is complete*

Honorable H. H. Wellborn
County Attorney
Rusk County
~~Rusk~~, Texas

Opinion No. WW-536

Re: Authority of Commissioners
Court of Rusk County in
Redistricting Justice of
Peace Precincts and related
questions.

Dear Sir:

We refer to your letter in which you submit the following questions:

"1. May the Commissioners Court, in the current year pass an order redistricting the County into less than eight Justice of the Peace Precincts, effective January 1, 1959, so as to deprive the above named elected Justices of the Peace and Constables of their rights to continue in office, and draw their salaries? And would not all the offices be declared vacant, and appointments made by the Commissioners Court, not necessarily of any elected Justice of the Peace, or Constable?

"2. Do all these elected officers have the right to continue drawing their salaries, even though Precincts have been abolished, provided they are willing to continue to serve (under Childress v. LaSachse /sic/ , 310 S.W.(2nd) 414) if so, shall they be paid their regular monthly salaries, or does the court have the right to pay them off in 'lump sum' payment?

"3. In your opinion, can this redistricting of the Justice Precincts be made effective by the present Court, before the expiration of four years from January 1, 1959, the expiration date of the terms of the newly elected Justices of the Peace?"

It is well settled by the American and Texas authorities that an officer who is elected for a term of years holds his office subject to it being abolished during his term. Dowlen v. Rigsby, 43 S.W. 271; Carver v. Wheeler County, 200 S.W. 537; 34 Tex. Jur. 386; 42 Am. Jur. 904. It should be noted

that an abolition of an office is predicated upon a legal order by the appropriate governing body which has the authority to act on such matters.

Section 18 of Article V of the Constitution of Texas provides as follows:

"Each organized county in the State now or hereafter existing, shall be divided from time to time, for the convenience of the people, into precincts, not less than four and not more than eight. Divisions shall be made by the Commissioners Court provided for by this Constitution. In each such precinct there shall be elected one Justice of the Peace and one Constable, each of whom shall hold his office for four years and until his successor shall be elected and qualified. . . . "

The cases and the Attorney General's opinions interpreting this section of the Constitution have repeatedly held that the Commissioners Court has the authority to increase, decrease, change the precinct boundaries and abolish the office of the Justice of the Peace and Constable so long as there remains at least four, but no more than eight such offices in the county. This right of the Commissioners Court may be exercised at any time they may deem "convenient for the people", and may operate to deprive persons elected to those positions of any right to continue in office or receive the emoluments thereof. State v. Rigsby, 43 S.W. 271 (Tex.Civ.App. 1897, error ref.); Hastings v. Townsend, 136 S.W. 1143, 1145 (Tex.Civ.App. 1911); Williams v. Castleman, 112 Tex. 193, 247 S.W. 263 (1922); Brown v. Meeks, 96 S.W.2d 839 (Tex.Civ.App. 1936 error dism.); Attorney General's Opinions Nos. V-790, V-1032, and V-1218.

The recent case of Childress County v. Sachse, 310 S.W. 2d 414, and affirmed in 312 S.W.2d 380, was decided on facts distinguishable from those presented in your letter. In that case the Commissioners Court changed the boundaries of the Commissioners Precinct which resulted in placing Commissioner Sachse's residence in a precinct different from that to which he was elected. The County Judge promptly declared a vacancy and appointed another individual to serve the remainder of Sachse's term. Sachse sued the county seeking to recover the salary of the office for that part of the term after his "removal". The Court of Civil Appeals affirmed the District Court's judgment for Sachse by holding that he was never legally removed. The Court, in setting forth the facts of the case, stated as follows:

> ". . . Such order /of the Commissioners Court/ did not purport to remove appellee from his office or attempt to abolish appellee's office or to create a vacancy therein. . . ." (Emphasis ours)

After discussing the procedures and requisites of removal of public officials from office, the Court stated as follows:

> "According to the record before us and under the cited and numerous other authorities, it clearly appears that appellee, Sachse, was never legally removed from office; neither was his office legally vacated or abolished. . . ." (Emphasis ours)

In a short opinion, the Supreme Court (in 312 S.W.2d 380) affirmed the Court of Civil Appeals as follows:

> "The application for writ of error is refused. No reversible error. We approve the holding of the Court of Civil Appeals that changes in precinct boundaries do not create a vacancy in the office of County Commissioner or deprive the incumbent of the right to hold office for the remainder of his term, even though by reason of such changes his residence is not within the precinct as redefined."

It is noted that the Court of Civil Appeals in stating the facts of the case, called attention to the fact that the order did not attempt to abolish or vacate the office in question. In applying the law to those facts the Court concluded that there had been no legal removal from office. However, they did not stop with such a holding, but continued with dictum, after the semi-colon, to the effect that a different result would obtain in the event of a legal abolition or vacation of the office. The Supreme Court's opinion is narrowed to a statement of the law with regard to a change of boundaries with no indication of the appropriate result had there been a legal abolition or vacation of the office; thus it left standing the dictum of the opinion of the Court of Civil Appeals. If this case were interpreted to preclude the abolition of an office during the term for which an individual had been elected, the result would conflict with the present American and Texas decisions, a result which, in the opinion of this office, neither the Court of Civil Appeals nor the Supreme Court intended to imply.

Therefore, considering the foregoing, it is the opinion of this office that the Commissioners Court may, at any time, for the convenience of the people, redistrict the Justice Precincts into not less than four nor more than eight and abolish the offices of the Justice of the Peace and Constable and declare them vacant in those precincts in which the boundaries are altered.  In such event the officials elected to these positions have no further right to continue in office or draw their salaries.  A vacancy thus occurring in these positions will authorize the Commissioners Court to appoint any qualified person to fill such vacancy.

## S U M M A R Y

The Commissioners Court may, at any time, abolish old Justice Precincts and re-divide the county into new precincts.  In such case the Justices of the Peace and Constables elected in a precinct whose boundaries are altered, have no right to continue in office or draw their salaries. The vacancies created by such an order are required to be filled by the Commissioners Court.

Very truly yours,

WILL WILSON
Attorney General of Texas

By

John L. Estes
Assistant Attorney General

JLE:rm:zt

APPROVED:

OPINION COMMITTEE
Geo. P. Blackburn, Chairman

Tom I. McFarling
Gordon C. Cass
John Reeves
J. Milton Richardson
David R. Thomas

REVIEWED FOR THE ATTORNEY GENERAL
BY:  W. V. Geppert